UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAYSEN PATTERSON,<br><br>    Plaintiff,<br>v.<br>ROMEO ARANAS, *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-02191-JAD-BNW<br><br>ORDER |

**I. DISCUSSION**

Before the Court are multiple motions filed pro se by Plaintiff in this civil rights action.

***A. Motion to Amend and Motions to File Extended Complaints***

On November 14, 2018, Plaintiff, a pro se prisoner, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 along with a motion for leave of court to file an extended complaint. (ECF No. 1-1, 2.) On March 12, 2019, Plaintiff filed a motion for leave of court to file an amended complaint and extended complaint and included a first amended complaint. (ECF No. 5, 5-1). The Court grants Plaintiff's March 12, 2019 motion to file an extended and amended complaint (ECF No 5). The Court denies the November 14, 2018 motion for leave of court to file an extended complaint (ECF No. 2) as moot because Plaintiff has replaced the original complaint with the first amended complaint.

1

### *B. Motion for Judicial Notice*

Plaintiff has filed a motion for this Court to take judicial notice of decisions from the District of Massachusetts and the Eastern District of Pennsylvania for purposes of screening Plaintiff's complaint. (ECF No. 4). In the motion, Plaintiff essentially asks this Court, for purposes of screening the complaint, to accept the analysis and legal conclusions in two district court decisions regarding the nature of gender dysphoria and the applicability of the Americans with Disabilities Act to gender dysphoria.[1] (*Id.* at 2-6).

A court "may judicially notice a <u>fact</u> that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201 (emphasis added). When a court is determining whether a complaint states a claim, the court may not take judicial notice of another court's opinion for the truth of the facts cited in that opinion. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); *see also M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (holding that a court may not take judicial notice of judicial proceedings or records in order to supply facts essential to support a contention or cause before it).

Thus, it would be inappropriate for the Court to take judicial notice of other courts' factual findings, legal analysis, or legal conclusions regarding the nature of gender dysphoria and regarding whether the Americans with Disabilities Act may provide protection for persons with gender dysphoria. The Court therefore denies the motion for judicial notice. As with all screening orders, when screening Plaintiff's first amended complaint, the Court will accept as true the factual allegations in the complaint and

---

[1] In particular, Plaintiff wishes to have the Court rely on these cases for purposes of screening Counts 2 and 3 of the original complaint. (*Id.* at 4.) That complaint is no longer the operative complaint as Plaintiff has filed the first amended complaint. The Court assumes, however, that Plaintiff wishes to have the Court adopt the findings, analysis, and conclusions of the two cases for purposes of screening the first amended complaint.

consider the applicable law to determine whether Plaintiff states colorable claims. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

### C. Motions Re: Expert Witness and Mental Health Records

Plaintiff has filed a motion to appoint an independent expert witness to establish the relevant standard of care for transgender inmates and to assist the court and jury in understanding the impact of gender dysphoria on a person's mental health and the need for Plaintiff to be treated by a medical professional that is not associated with the Nevada Department of Corrections. (ECF No. 6.) Plaintiff also has filed a motion for an order to allow Plaintiff to review and obtain certain mental health records for purposes of presenting evidence in support of the claims in this action. (ECF No. 7.)

As discussed above, at the screening stage, the Court accepts a plaintiff's allegations as true. Plaintiff's first amended complaint has not yet been served. The case is still in the screening stage and is not yet at the point in the proceedings where discovery or the presentation of evidence to the court or a jury is appropriate. The Court therefore denies these motions as premature without prejudice to Plaintiff renewing such motions at the appropriate time.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's March 12, 2019 motion to file an extended and amended complaint (ECF No 5) is granted.

IT IS FURTHER ORDERED that the November 14, 2018 motion for leave of court to file an extended complaint (ECF No. 2) is denied as moot.

It is further ordered that Plaintiff's motion for judicial notice (ECF No. 4) is denied.

It is further ordered that Plaintiff's motion for an independent expert (ECF No. 6) and Plaintiff's motion for mental health records (ECF No. 7) are denied as premature without prejudice to Plaintiff renewing those motions at the appropriate time.

DATED: September 10, 2019

UNITED STATES MAGISTRATE JUDGE

3